## Prudential Life Insurance Company of America v. Fusco's Admr.

(Decided November 16, 1911.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. Insurance—Life Insurance—Contract—Place Where Made.—An insurance policy is not a New Jersey contract because the policy was issued in New Jersey, when the contract was made and to be performed in Kentucky.

2. Same—State Where Made.—A New Jersey statute regulating the amount of insurance that may be issued on a life has no application to a contract made in Kentucky, the statute having no force beyond the State of New Jersey, and not being referred to in the policy.

3. Industrial Insurance—Plea.—Under a clause of a policy forbidding industrial insurance beyond a certain amount, a plea is bad which merely avers that there was insurance beyond this amount on the life of the insured, and not averring that there was industrial insurance beyond the amount.

CHATTERSON & BLITZ for appellant.

LAWRENCE S. LEOPOLD for appellee.

The Prudential Life Insurance Company issued two policies insuring the life of Julia A. Fusco; one for $260 and the other for $125. She died while the policies were in force and this suit was brought by her administrator to recover on them. The Insurance Company filed an answer to which the plaintiff demurred. The court sustained the demurrer to the answer, and the defendant failing to plead further, entered judgment in favor of the plaintiff for the amount sued for. The Insurance Company appeals.

Julia Fusco was a child twelve years old. In the answer the defendant pleaded that the policies each contained this provision:

"This policy shall be void if there be in force upon the life of the insured an Industrial Policy previously issued by this company, unless the policy first issued contains an endorsement, signed by the President or the Secretary, authorizing this policy to be in force at the same time; or if any of the representations upon which this policy is granted be not true; or if the said weekly premium shall not be paid according to the terms hereof; or if the person insured is under twenty-two years of age next birthday and is now or may hereafter be insured while under such age in this or any other company and the total amount of Industrial insurance at the time of death shall exceed the amount fixed by the following table: * * * age next birthday 13, Limit of Insurance $460."

The defendant also alleged that the policies were issued in the State of New Jersey, and pleaded a statute of New Jersey by which it is provided that the insurance on the life of a child between the ages of twelve and thirteen shall not exceed $460. The answer then contained these averments:

"This defendant says that at the time of the death of Julia A. Fusco, there were policies existing on her life amounting to $738.90 same being $278.90 in excess of the amount allowed by said statutes of New Jersey and allowed under the contract with this defendant.

"Defendant says that there was an additional policy on her life in this company amounting to $280.40 and also one for $73.50 issued by the Western and Southern Life Insurance Company, a corporation, duly organized

and existing and authorized to sue and be sued, contract and be contracted with. * * * It says that of said sum, the said industrial policy in the Western and Southern, heretofore set forth, amounted to $73.89.''

There is no reference to the New Jersey statute in the policies. The allegation that the policies were issued in New Jersey is not sufficient to show that they are New Jersey contracts. A contract of insurance made in Kentucky and to be performed in Kentucky is a Kentucky contract although the policies may have been issued in New Jersey. It is not uncommon for insurance companies to issue policies at the home office in another State and send them here for delivery. Ordinarily a State statute has no efficacy beyond its limits. It is true the contract may by its terms make its effect to depend upon the statute of another State, as in United States Life Insurance Co. v. Spinks, 126 Ky., 405, where it was provided that extended insurance should be allowed in accordance with the requirements of a certain statute of New York. But there being no reference to the New Jersey statute in the policies, this principle can not be applied, and there is nothing to take the case out of the rule that a State statute has no effect beyond the State. (Washington Life Ins. Co. v. Glover, 25 R., 1327.) The New Jersey statute may regulate the business of the company done in New Jersey, but it can not affect Kentucky contracts.

It remains to determine whether the facts stated in the answer were sufficient to make out a defense under the provision of the policies. It will be observed that the provision of the policies is that they shall be void if the person insured is under 22 years of age and is insured while under that age in this or any other company and the total amount of Industrial Insurance at the time of death shall exceed $460 for a person between the age of twelve and thirteen. It will also be observed that it is alleged in the answer that at the time of Julia Fusco's death there were policies existing on her life amounting to $738.90. But it is not averred that the total amount of industrial insurance at the time of her death exceeded $460. We do not take judicial knowledge of the character of business done by any insurance company organized under the laws of another State. The limitation of industrial insurance to $460 is not a limitation as to all insurance. The policies would be in no wise affected if there was other insurance than indus-

trial insurance on the life of Julia Fusco exceeding $460. The answer does not show that the policies referred to were industrial insurance and this not appearing, no defense was shown to a recovery upon the policies. We, therefore, conclude that the circuit court properly sustained the demurrer to the answer.

Judgment affirmed.